IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SILVERWHIP ST. MARKS,<br><br>Defendant. | CR 10-63-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. St. Marks was accused of violating his conditions of supervised release by using controlled substances, failing to submit monthly reports as instructed, and failing to participate in required substance abuse testing. He denied that he used controlled substances but admitted to the other two violations. Mr. St. Marks's supervised release should be revoked. He should be sentenced to eight months of custody with 12 supervised release to follow. The same conditions of supervised release should be imposed.

## II. Status

A jury found Mr. St. Marks guilty of Burglary in September 2010. (Doc. 61.) He was sentenced to incarceration for 51 months, with three years of

1

supervised release to follow. (Doc. 85.) Mr. St. Marks's first period of supervised release began on April 26, 2014. (Doc. 105.)

Mr. St. Marks's supervised release was revoked in December 2014 because he violated the conditions of his release by failing to submit monthly reports as instructed, failing to notify his probation officer that he was fired, using controlled substances, and failing to participate in required substance abuse testing. He was sentenced to five months of custody and 31 months of supervised release. (Doc. 114.) His current term of supervision began on April 17, 2015. (Doc. 117.)

On May 22, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. St. Marks had violated the conditions of his supervised release by using alcohol and methamphetamine. (Doc. 116.)

**Petition**

On November 19, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. St. Marks's supervised release. The Probation Office accused Mr. St. Marks of violating Standard Condition 7 of his supervised release by using amphetamines and methamphetamine. The Probation Office accused Mr. St. Marks of violating Standard Condition 2 of his supervised release by failing to submit monthly reports as instructed. The petition alleged Mr. St. Marks violated Special Condition 1 of his supervised release by failing to

participate in substance abuse testing. (Doc. 117.) Based on the petition, the undersigned issued a warrant for Mr. St. Marks's arrest. (Doc. 118.)

**Initial appearance**

Mr. St. Marks appeared before the undersigned on February 1, 2016, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. St. Marks said he had read the petition and understood the allegations. Mr. St. Marks waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

On February 1, 2016, Mr. St. Marks appeared with Mr. Branom before the undersigned for a revocation hearing. Ms. Betley appeared on behalf of the United States. Mr. St. Marks denied that he violated Standard Condition 7 of his supervised release. He admitted that he violated Standard Condition 2 and Special Condition 1 of his supervised release. The admitted violations are serious and warrant revocation of Mr. St. Marks's supervised release.

Mr. St. Marks's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up

3

to 24 months. The United States argued he could be ordered to remain on supervised release for 31 months, less any custody time imposed. The United States Sentencing Guidelines call for five to 11 months in custody.

Based on Mr. St. Marks's request that he no longer be subject to supervision, Mr. Branom requested a sentence within the guideline range with no supervised release to follow. Mr. St. Marks addressed the Court and said he cannot do probation and he is wasting his time. He requested that he receive a long custodial sentence, even the maximum term of 24 months, and no supervision. Ms. Betley countered that supervision is not a waste of Mr. St. Marks's time but of everyone else's time. She requested either a sentence of 24 months of custody with no supervised release to follow or a sentence within the guideline range with continued supervision.

### III.  Analysis

Mr. St. Marks's supervised release should be revoked because he admitted violating its conditions. Supervision is not optional and is part of Mr. St. Marks's original sentence. At this time, the undersigned is reluctant to grant Mr. St. Marks's request to no longer be supervised because he simply does not want to follow the rules. A sentence of eight months of custody would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

Mr. St. Marks should be sentenced to 12 months of supervised release. The same conditions of supervised release should be continued.

## IV. Conclusion

Mr. St. Marks was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. St. Marks's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. St. Marks's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> 1. Richard Silverwhip St. Marks violated Standard Condition 2 of supervised release by failing to submit monthly reports in September and October 2015.
>
> 2. Richard Silverwhip St. Marks violated Special Condition 1 of his supervised release by failing to report for required substance abuse testing on June 8, 2015, September 7, 2015, September 27, 2015, September 30, 2015, and November 12, 2015.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. St. Marks's supervised release and committing Mr. St. Marks to the custody of the United States Bureau of Prisons for eight months. He should be sentenced to continued supervised release of 12 months. The same conditions of supervised release should be

continued.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of February, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge