IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-63-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| RICHARD SILVERWHIP ST. MARKS, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. St. Marks of violating his conditions of supervised release by failing to report for urinalysis testing, failing to notify his probation officer of a change in his residence, and failing to notify his probation officer of a change in his employment. Mr. St. Marks's supervised release should be revoked. He should be sentenced to six months in custody, with no supervised release to follow.

## II. Status

A jury found Mr. St. Marks guilty of Burglary in September 2010. (Doc. 61.) He was sentenced to incarceration for 51 months, with three years of supervised release to follow. (Doc. 85.) Mr. St. Marks's first period of supervised

1

release began on April 26, 2014. (Doc. 105.)

Mr. St. Marks's supervised release was revoked in December 2014 because he violated the conditions of his release by failing to submit monthly reports as instructed, failing to notify his probation officer that he was fired, using controlled substances, and failing to participate in required substance abuse testing. He was sentenced to five months of custody and 31 months of supervised release. (Doc. 114.) His current term of supervision began on April 17, 2015. (Doc. 117.)

On May 22, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. St. Marks had violated the conditions of his supervised release by using alcohol and methamphetamine. (Doc. 116.)

On February 17, 2017, Mr. St. Mark's supervised release was revoked because failed to submit monthly reports and failed to participate in substance abuse testing. (Doc. 126.) Mr. St. Marks was sentenced to eight months in custody, with twelve months of supervised release to follow. (*Id.*)

On May 8, 2017, the Probation Office submitted a Report on Offender Under Supervision notifying the Court that Mr. St. Marks failed to report for substance abuse testing on several occasions and provided a diluted urine sample. (Doc. 128.)

**Petition**

On May 23, 2017, the Probation Office filed a petition asking the Court to revoke Mr. St. Marks's supervised release. The Probation Office accused Mr. St. Marks of violating the conditions of his supervised release by failing to report for urinalysis testing, failing to notify his probation officer of a change in his residence, and failing to notify his probation officer of a change in his employment. (Doc. 129.) Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. St. Marks's arrest. (Doc. 130.)

**Initial appearance**

Mr. St. Marks appeared before the undersigned on May 31, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Jocelyn Hunt accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. St. Marks said he had read the petition and understood the allegations. Mr. St. Marks waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. St. Marks admitted to the violations. The violations are serious and warrant revocation of Mr. St. Marks's supervised release.

Mr. St. Marks's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for twenty-three months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Ms. Hunt recommended that Mr. St. Marks be sent to the Great Falls Prerelease Center or he receive a maximum sentence, with no supervised release to follow. Mr. St. Marks exercised his right of allocution and stated that things went downhill for him when he lost his wallet and was evicted from his apartment. Ms. Betley recommended a low-end sentence and time at the Great Falls Prerelease Center to follow or a maximum sentence, with no supervised release to follow

### III. Analysis

Mr. St. Marks's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to six months in custody, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. St. Marks was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings

and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

>Richard Silverwhip St. Marks violated the conditions of his supervised release by failing to report for urinalysis testing, failing to notify his probation officer of a change in his residence, and failing to notify his probation officer of a change in his employment.

The undersigned **RECOMMENDS:**

>The District Court should enter the attached Judgment, revoking Mr. St. Marks's supervised release and committing Mr. St. Marks to the custody of the United States Bureau of Prisons for six months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 28th day of June 2017

John Johnston
United States Magistrate Judge